
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALTEX PLASTICS, INC., | No.   15-55331 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-10033-RSWL-JEM |
| v. | |
| ELKAY PLASTICS COMPANY, INC., a California corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted December 6, 2016
Pasadena, California

Before:  D.W. NELSON and OWENS, Circuit Judges, and KORMAN,** District Judge.

Caltex Plastics, Inc. ("Caltex") appeals from a decision by the district court

after a bench trial dismissing claims that Elkay Plastics, Inc. ("Elkay") engaged in

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

false advertising under the Lanham Act, 15 U.S.C. § 1125(a), unfair competition under Cal. Bus. & Prof. Code § 17200, and false advertising under Cal. Bus. & Prof. Code. § 17500. As the parties are familiar with the facts, we do not recount them here. We affirm.

Caltex claims that Elkay's advertisements that its product "meets" the MIL-PFR-81705 Type III military specification ("81705 Spec.") constitute false advertising under the Lanham Act, 15 U.S.C. § 1125(a). To prove a *prima facie* case for false advertising under § 1125(a), a plaintiff must show "that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse customers." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

Caltex argues that the only way for a product to "meet" the 81705 Spec. is for it to be formally tested by the Department of the Navy ("DON") and qualified to that specification. It is undisputed that the DON never tested Elkay's product for formal qualification. Thus Caltex argues that Elkay's advertisements that its product "meets" the 81705 Spec. are literally false.

However, Caltex's argument that a product cannot "meet" the 81705 Spec. without formal DON testing ignores that product testing can occur outside of the formal DON qualification process. In short, there is a distinction between

2

"meeting" the requirements of a specification and being "qualified" under a specification.

Caltex did not submit any evidence showing that Caltex's own tests prove that Elkay's products do not meet the 81705 Spec or indicating the unreliability of Elkay's product tests. Caltex also did not provide any affirmative evidence to show that Elkay's advertisements were misleading to customers. *See William H. Morris Co. v. Group W, Inc.*, 66 F.3d 255, 258 (9th Cir. 1995). Accordingly, the trial court did not err in concluding that Caltex did not meet its burden to show that Elkay's advertisements violated the Lanham Act.

Caltex's literal falsity arguments under its Lanham Act claim apply to the Section 17500 and 17200 claims as well, and fail for the same reasons.

**AFFIRMED**.